IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS, | No. C 13-1788 WHA (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY** |
| v. | |
| R. LEWIS, | |
| Respondent. | (Docket No. 10) |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging the validity of his conviction and sentence in Del Norte County Superior Court in 2002. Respondent has filed a motion to dismiss the petition as procedurally defaulted and untimely. Petitioner filed a "Response" to the motion well past the deadline for an opposition. Petitioner's response has been considered notwithstanding its untimeliness  Respondent did not file a reply brief.

## STATEMENT

In 2002, petitioner pled guilty in Del Norte County Superior Court to attempted murder and admitted to personally using a deadly weapon and to having prior "strike" convictions (Resp. Exh. 1 at 12, 15-16, 18). On September 12, 2002, he was sentenced to a term of eleven years in state prison in accordance with a plea agreement (*id.* 17-19). He did not file a direct appeal of the conviction or sentence, but he did challenge them in state habeas petitions.

Specifically, on December 13, 2002, he filed a habeas petition to the superior court, and it was denied on January 9, 2003 (Resp. Exh. 2). Over nine years later, on May 23, 2012, he filed another habeas petition to the superior court, and it was denied on August 23, 2012 (Resp. Exh. 3). On November 2, 2012, he filed two identical habeas petitions to the California Court of Appeal, and they were denied five days later (Resp. Exh. 4). Petitioner then filed a habeas petition to the California Supreme Court on November 19, 2012; the petition was denied on January 30, 2013, with citations to *In re Robbins*, 18 Cal.4th 770, 780 (1998), *In re Clark*, 5 Cal.4th 750, 767-69 (1995), and *In re Duvall*, 9 Cal. 4th 464, 474 (1995) (Resp. Exh. 5). The instant federal petition is deemed filed on April 9, 2013.

**ANALYSIS**

Respondent argues that the claims in the petition are procedurally barred. As noted, his claims were rejected by the California Supreme Court with citations to *In re Robbins*, 18 Cal.4th 770, 780 (1998) and *In re Clark*, 5 Cal.4th 750, 767-69 (1995). Such citations signal that the petition was denied as untimely, and the claims are procedurally defaulted from federal habeas review. *See Walker v. Martin*, 131 S. Ct. 1120, 1131 (2011); *Bennett v. Mueller*, 322 F.3d 573, 582-83 (9th Cir. 2003). The additional citation to *In re Duvall*, 9 Cal. 4th 464, 474 (1995) (providing for dismissal of petition that does not state prima facie case for relief), does not change this analysis because the citation to *Robbins* at 18 Cal. 4th 770, 780, the page where the court discusses the analytical framework for timeliness determinations, constitutes a denial as untimely. *See Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007). Accordingly, the claims in his petition are procedurally defaulted from federal habeas review.

Petitioner argues that procedural default should be excused. There are exceptions to procedural default if a habeas petitioner shows cause and prejudice, *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992) (citations omitted), or if the failure to hear the claims would constitute a "miscarriage of justice" by showing that his "actual innocence" of the charges, *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931–32 (2013). Petitioner makes neither showing. He argues that his sentence was enhanced based on a prior conviction that he claims was found unconstitutional in 2003, after the sentence in this case was imposed in 2002. This argument is

also Petitioner's third claim for relief in the present petition, but it does not excuse procedural default. To begin with, the prior conviction, a 1995 assault conviction out of Sacramento County Superior Court, was never found unconstitutional. In 2003, the Sacramento County Superior Court vacated the sentence on that conviction, and resentenced him, because the trial court had mistakenly failed to impose a sentence enhancement (Opp. Exh. 2 at 3-4); the superior court did *not* find the conviction unconstitutional (*see id.* 1-5). As such, the superior court's 2003 decision has no bearing on petitioner's innocence or guilt of the attempted murder charges at issue here, nor does it also invalidate the sentence he received for his conviction on those charges. The superior court's decision in 2003 also does not show cause for petitioner waiting until 2013, nearly ten more years, before challenging his conviction and sentence in the California Supreme Court.

Petitioner also argues that an even earlier conviction, from 1992 in Alameda County Superior Court, that was used to enhance his 1995 conviction does not qualify as a "strike" under California law. That argument was rejected by the superior court (*id.* 2-3), but even if the argument were correct, it does not show that he is actually innocent of the attempted murder of which he was convicted in Del Norte County in 2002. Nor does this argument who cause for the untimeliness of his habeas petition in the state supreme court.

In sum, petitioner has not shown that there should be an exception to his procedural default on the basis of either cause and prejudice or a miscarriage of justice. Accordingly, the petition must be dismissed on procedural default grounds.

Respondent's alternative argument, that the petition is untimely, is also correct. The instant petition was filed more than ten years after the time for him to seek direct review of his 2002 conviction expired, far longer than the one-year statute of limitation applicable to federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A); *see also* Cal. R. Ct. 8.104(a) (allowing 60 days for notice of appeal from criminal judgment). While a short period of tolling for 27 days while his initial state habeas petition was pending is available under Section 2244(d)(2), petitioner's other state habeas petitions challenging the conviction and sentence were filed far too late to toll the limitation period. *See Evans v. Chavis*, 546 .S. 189, 198, 201 (2006). Petitioner does not

3

argue or present grounds that the petition is timely on equitable tolling grounds, and for the reasons discussed above, his arguments for excusing the procedural default are without merit and also do not excuse the petition's untimeliness. Accordingly, the petition is also barred on untimeliness grounds.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss (dkt. 10) is **GRANTED**. The petition is **DISMISSED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that a reasonable jurist would find the dismissal of his petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August  14 , 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4